IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Cheryl Belton, | ) | C/A No.: 0:15-167-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| West Marine, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Cheryl Belton ("Plaintiff") sues her former employer, West Marine, Inc. ("Defendant"), alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). This matter comes before the court on Defendant's partial motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [ECF No. 12]. Plaintiff filed a response to the motion [ECF No. 19], and Defendant filed a reply [ECF No. 21]. This motion having been fully briefed, it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motion to dismiss is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss Plaintiff's hostile work environment and retaliation claims.[1]

---

[1] It does not appear that Plaintiff asserted a retaliation claim. Nevertheless, because Defendant raised the issue, the undersigned has addressed it in the interest of clarity.

I.   Factual and Procedural Background

Plaintiff's complaint appears to contain claims for race discrimination and hostile work environment under Title VII. Defendant argues that the court has no subject matter jurisdiction over Plaintiff's hostile work environment claim because she failed to exhaust her administrative remedies by including it in her administrative charge. [ECF No. 12 at 2]. Defendant attaches a copy of Plaintiff's charge of discrimination ("Charge") to its motion.[2] [ECF No. 5-1]. In the Charge, Plaintiff checked the box for race and states the following in the "Particulars" section:

> I worked for the above employer from November 1999 most recently as a Process Control Release Clerk until I was discharged October 25, 2012. September 2012 the Process Control Release Clerks were told our hours would be cut and our schedules were to be rearranged. My scheduled times in/out were changed, my hours were cut and my job duties were given to White employees to help keep their hours. I was told I could work in the warehouse in order to retain some hours. My co-workers (both White) did not have their hours reduced nor were they asked to work in the warehouse.
>
> October 25, 2012 I was told my employment was terminated because I stopped coming in at the assigned times.
>
> I believe I have been discriminated against because of my race, Black in violation of Title VII of the Civil Rights Act of 1964, as amended.

[ECF No. 12-1]. Defendant also argues that, to the extent Plaintiff attempts to plead a retaliation claim, she has also failed to exhaust such a claim.

---

[2] Because the Charge is referred to in the complaint, consideration of the Charge does not convert the motion into one for summary judgment. *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1164 (4th Cir. 1994) (holding that the district court did not err in considering, in connection with a Rule 12(b)(6) motion, a document referred to in the plaintiff's complaint to justify a cause of action).

II.     Discussion

    A.     Standards on Motion to Dismiss

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) when the court lacks subject-matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

B.    Analysis

Defendant argues that Plaintiff has failed to exhaust her administrative remedies with regard to her hostile work environment claim and, to extent she intended to bring one, her retaliation claim. In response, Plaintiff argues "[t]he claims that the Officer recorded on the Charge is not every act of racial discrimination that Plaintiff reported to the Officer in the hour and thirty minute person to person interview . . . ." [ECF No. 19 at 2]. Plaintiff also states in her response:

> Plaintiff admits to Court when preparing her Statement of Claim she changed four of her discrimination claims she pled November 2, 2012 with EEOC to hostile work environment. At the time of her pled with the EEOC she did not know this law exist and did not understand it had to point out the act against the race. . . . Plaintiff Motion the Court to allow her to Amend the four charges back to original pled with the EEOC on November 2, 2012.

*Id*. at 3. Plaintiff then lists four factual allegations to support her claim of hostile work environment.

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1); *see also Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). "A plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Smith*, 202 F.3d at 247. Only those claims stated in the initial administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996) (affirming the district court's dismissal of some of the plaintiff's

claims because they were outside the scope of her original administrative charge and were therefore time barred). The Fourth Circuit has emphasized:

> The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. Rather, Congress intended the exhaustion requirement to serve the primary purposes of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (citations omitted). A discrimination suit "is limited to discrimination charged in" the administrative claim or "to discrimination actually found by the [agency] upon investigation of the original charge." *Stehle v. Gen. Mills Rest., Inc.*, 875 F.Supp. 320, 323 (D.S.C. 1994). When a discrimination claim "exceed[s] the scope of the [administrative] charge and any charges that would naturally have arisen from an investigation thereof," it is procedurally barred. *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012). The *Sydnor* court further found that "[w]hile it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id.* Noting that laypersons, rather than lawyers, typically initiate the EEOC process, the Supreme Court has made clear that "[d]ocuments filed by an employee with the EEOC should be construed, to the extent

consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 406 (2008). Therefore, so long as "a plaintiff's claims in [his] judicial complaint are reasonably related to [his] EEOC charge and can be expected to follow from a reasonable administrative investigation," he "may advance such claims in [his] subsequent civil suit." *Smith*, 202 F.3d at 247.

### 1. Hostile Work Environment Claim

Plaintiff's Charge does not contain any allegations that would notify Defendant that Plaintiff was alleging a hostile work environment claim. Additionally, a reasonable investigation of the allegations in Plaintiff's Charge would not have naturally revealed a hostile work environment claim.[3] Therefore the undersigned recommends Plaintiff's hostile work environment claim be dismissed for lack of subject matter jurisdiction, as Plaintiff failed to administratively exhaust such a claim.

To the extent Plaintiff seeks to amend her Charge, such amendment is untimely, as she was issued a right to sue letter on October 15, 2014. [ECF No. 1-1]; *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994) ("[W]here, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended."). Allowing Plaintiff to amend her complaint would also be futile, as the court lacks subject matter jurisdiction over such claims.

---

[3] Although the record does not contain documents containing the Investigation of Plaintiff's Charge, no party has indicated that the investigation revealed a hostile work environment claim.

To the extent the district judge finds that the court has subject matter jurisdiction, Plaintiff's hostile work environment claim should still be dismissed, as her allegations are insufficient to state a claim. To establish a prima facie showing of a hostile work environment under Title VII, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was based on her race, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)). In support of her hostile work environment claim, Plaintiff alleges: (1) she was required to falsify a company spreadsheet and a white employee was allowed to inform Defendant when the spreadsheet did not match; (2) Defendant directed two white employees to perform a duty Plaintiff typically performed without communicating this to Plaintiff; (3) Defendant told Plaintiff that he believed two whites and did not believe Plaintiff; and (4) Plaintiff was not allowed to perform her administrative duty at 9 p.m., but a white employee was so allowed. [ECF No. 19 at 4–5]. Such claims are more akin to claims of disparate treatment, as none of the allegations are directly related to Plaintiff's race without the comparison to white employees. Therefore, the undersigned recommends Plaintiff's hostile work environment claim be dismissed.

### 2. Retaliation

It is not clear from Plaintiff's complaint or her opposition to Defendant's motion to dismiss whether she intended to bring a retaliation claim. However, her failure to

7

check the box for retaliation on her Charge or include any allegations related to retaliation deprives the court of subject matter jurisdiction over a retaliation claim.

The Fourth Circuit has held that a plaintiff asserting a Title VII claim of retaliation for filing a previous administrative charge is not required to separately exhaust administrative remedies with regard to that retaliation claim. *See Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992). The holding is based in part on the reasoning that a plaintiff who has already been retaliated against for exercising his Title VII rights need not risk additional retaliation by filing a second administrative charge. *Id.* at 590. Thus, *Nealon* essentially created an exception to the general rule that all discrete acts of discrimination must be separately exhausted.

That exception does not apply, however, when the alleged retaliatory acts occurred *before* the plaintiff filed a charge of discrimination. *See Wilson v. Dimario*, No. 97–2252, 1998 WL 168346, at *2 (4th Cir. Mar. 31, 1998) (*per curiam*) (holding that the ruling in *Nealon* does not apply to an allegation of retaliation that occurred prior to the filing of an administrative charge). For example, courts have specifically held that when a claim of retaliation could have been raised in an earlier administrative charge, such a claim must be administratively exhausted or it is procedurally barred. *See Riley v. Tech. & Mgmt. Servs. Corp., Inc.*, 872 F.Supp. 1454, 1459–60 (D.Md. 1995) (finding that where an act of retaliation occurred prior to the filing of administrative charge and the plaintiffs failed to allege retaliation, the retaliation claim was not administratively exhausted), *aff'd*, 79 F.3d 1141 (4th Cir. 1996); *see also McMillan v. S.C. Dep't of Corr.*, 16 F. Supp. 2d 635, 646 (D.S.C. 1997) (holding that where a charging party could have raised allegations of

retaliation at the time she filed her charge, exhaustion of administrative remedies with respect to that charge is required), *aff'd*, 153 F.3d 721 (4th Cir. 1998).

Here, Plaintiff was terminated on October 25, 2012, but her Charge was filed November 2, 2012. [ECF No. 19-1 at 12]. There is no indication of retaliation after her termination. Therefore, Plaintiff was required to raise allegations of retaliation at the time she filed her Charge or timely thereafter to exhaust her administrative remedies. A reasonable investigation of the allegations of Plaintiff's Charge would not have revealed a retaliation claim. Therefore, the undersigned recommends that, to the extent Plaintiff intended to assert a retaliation claim, such claim be dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district court grant Defendant's motion to dismiss Plaintiff's hostile work environment and retaliation claims.

IT IS SO RECOMMENDED.

September 2, 2015                                                Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).