IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Cheryl Belton,                                  )        C/A No.: 0:15-167-TLW
                                                )
                        Plaintiff,              )
                                                )
            v.                                  )
                                                )              **ORDER**
West Marine, Inc.,                              )
                                                )
                        Defendant.              )
_____ )

     Plaintiff Cheryl Belton, proceeding *pro se*, brought this action pursuant to Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Title VII), alleging racial discrimination

against her former employer Defendant West Marine, Inc.[1]  ECF No. 1.  This matter is presently

before the Court for review of the Report and Recommendation (R&R) filed by U.S. Magistrate

Judge Shiva Hodges, to whom this case is assigned pursuant to the provisions of 28 U.S.C. §

636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC.  ECF No. 46.  In the R&R, the Magistrate

Judge recommends granting Defendant's motion for summary judgment.  Plaintiff filed objections

to the R&R and Defendant filed a reply.  ECF Nos. 48, 50.  This matter is now ripe for review.

     In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any
> party may file written objections . . . .    The Court is not bound by the
> recommendation of the magistrate judge but, instead, retains responsibility for the
> final determination.  The Court is required to make a *de novo* determination of those
> portions of the report or specified findings or recommendation as to which an
> objection is made.  However, the Court is not required to review, under a de novo
> or any other standard, the factual or legal conclusions of the magistrate judge as to
> those portions of the report and recommendation to which no objections are

---

[1] Plaintiff's claims for hostile work environment and retaliation were previously dismissed on a
Rule 12 motion.  ECF No. 28.

> addressed. While the level of scrutiny entailed by the Court's review of the Report
> thus depends on whether or not objections have been filed, in either case the Court
> is free, after review, to accept, reject, or modify any of the magistrate judge's
> findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the R&R which sets out the facts in significant detail, the objections filed by Plaintiff, and the record in this case.[2] Plaintiff's objections essentially focus on her dissatisfaction with her work assignments and the change in her report time—she does not adduce facts or evidence to support her claim of racial discrimination. ECF No. 48. Additionally, Plaintiff concedes that for several days prior to her being terminated, she reported to work three hours late without permission to do so. *Id*. at 9-11.

Plaintiff's objections do not change the Magistrate Judge's conclusion that Plaintiff has not produced evidence or facts to support her position that her termination was racially-motivated. ECF No. 46 at 10-12. Further, as the Magistrate Judge found, Plaintiff has not shown that she was performing her job satisfactorily. *Id*. at 12-15. Conversely, she admits she failed to report to work at the scheduled time.

Therefore, Plaintiff's objections are overruled and the R&R is accepted. This Court accepts the Magistrate Judge's conclusion that Plaintiff has failed to present evidence that her termination was racially-motivated and failed to make a *prima facie* case for racial discrimination. For the reasons articulated by the Magistrate Judge, Defendant's motion for summary judgment is granted and this case is hereby dismissed.

---

[2] Plaintiff filed additional documents and objections after the time to object to the R&R had expired and after Defendant had filed its reply. ECF Nos. 49, 51. Out of an abundance of caution the Court reviewed these untimely submissions and notes they do not impact the analysis in this case.

IT IS SO ORDERED.

*s/Terry L. Wooten*
Chief United States District Judge

August 18, 2016
Columbia, South Carolina